UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| GLEN L. EATON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CV 03-B-2827-W |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This case is presently pending before the court on defendant's Motion to Dismiss or, in the alternative, Motion for Summary Judgment, (doc. 10), and plaintiff's Motion Requesting Permission to File Supplement to Plaintiff's Opposition to Defendant's Motions for Dismissal or, Alternatively, Summary Judgment, (doc. 17). Plaintiff Glen L. Eaton has sued the defendant United States of America under the Federal Torts Claims Act [FTCA] for "the negligent destruction of plaintiff's business," Eaton Contract Services, Inc. [ECS]. (Doc. 7 ¶¶ 1, 3.) Defendant contends, inter alia, that plaintiff's claims are due to be dismissed because plaintiff did not exhaust his administrative remedies. (Doc. 4 at 2, *see also* doc. 10 (adopting the grounds set forth in defendant's first Motion to Dismiss/Motion for Summary Judgment).) Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that defendant's Motion to Dismiss/Motion for Summary Judgment, (doc. 10), is due to be granted, plaintiff's Motion Requesting Permission to File Supplement to Plaintiff's Opposition to Defendant's Motions for

Dismissal or, Alternatively, Summary Judgment, (doc. 17), is due to denied, and plaintiffs' claims are due to be dismissed.

## I. SUMMARY JUDGMENT STANDARD

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is appropriate when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In deciding a motion for summary judgment, the court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are left to the jury, and, therefore, evidence favoring the non-moving party is to be believed and all justifiable inferences are to be drawn in his favor. *See id.* at 255. Nevertheless, the non-moving party need not be given the benefit of every

inference but only of every *reasonable* inference. *See Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

## II. DISCUSSION

"Absent express statutory consent, the United States is absolutely immune from lawsuits predicated on tort liability. The [FTCA] constitutes a waiver of the United States' sovereign (i.e. absolute) immunity . . . . *Knox v. United States*, 874 F. Supp. 1282, 1284-85 (M.D. Ala. 1995). "The provisions of the FTCA, which must be strictly construed, delineate specific jurisdictional prerequisites for maintaining an action [against the United States]. A claimant must comply with all the prerequisites, none of which can be waived." *Id* at 1285 (citing *United States v. Sherwood*, 312 U.S. 584, 587 (1941); *Lykins v. Pointer, Inc.*, 725 F.2d 645 (11th Cir. 1984)).

One jurisdictional prerequisite to maintaining an action against defendant is the exhaustion of administrative remedies. Section 2675(a) provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. 2675(a).

In support of its Motion to Dismiss/Motion for Summary Judgment, defendant has submitted the affidavit of William A. Hough, District Counsel and Claims Attorney for the U.S. Army Engineer District, Savannah, Georgia. (Doc. 5.) Hough's affidavit states that his office received numerous documents relating to "contract claims and appeals of [ECS]," but he has no "other documentation or correspondence of any kind from Mr. Eaton alleging a tort claim." (*Id.* ¶¶ 2, 3.) The record before the court, likewise, contains no claim made in accordance with the FTCA, for plaintiff's tort claims, as opposed to claims asserted on behalf of ECS.[1] (Doc. 15 and attached exhibits.) Notice to the defendant of ECS's claims is not adequate notice of plaintiff's separate tort claims. *See Muth v. United States*, 1 F.3d 246, 249 (4th Cir. 1993); *see also Pipkin v. United States Postal Service*, 951 F.2d 272, 273 (10th Cir. 1991)(wife's claim for loss of consortium not within notice filed by husband).

Therefore, plaintiff's claims are due to be dismissed for failure to exhaust his administrative requirements.

The court notes that even if the court had found that plaintiff had properly given defendant notice of his personal tort claims, such claims would be barred as untimely filed. Section 2401(b) provides:

---

[1] The closest thing to a notice of claim the court has found is a claim for plaintiff's Claim Certification According to CDA [Contract Disputes Act] Regulations, which includes a claim for his lost wages as an employee of ECS. (*See* doc. 15, Ex. 3 at 120.) However, the court finds that this claim is insufficient to give notice to defendant that plaintiff, personally, had a tort claim against it.

4

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

Plaintiff's filed the instant action on October 17, 2003. (Doc. 1.) His Amended Complaint states that the "Contracting Officer's Final Decision" on ECS's three claims, which he alleges also contained his FTCA claims, occurred on July 31, 1999, July 31, 2000, and August 31, 2000. (Doc. 7, ¶ 8.) Therefore, according to plaintiff, the final denial of his claims by the agency to which they were presented occurred substantially more than six months prior to the date his filed his Complaint. Therefore, the court finds that plaintiff's claims are time barred.

Plaintiff has filed a Motion Requesting Permission to File Supplement to Plaintiff's Opposition to Defendant's Motions for Dismissal or, Alternatively, Summary Judgment. (Doc. 17.) Plaintiff contends that he has "had no opportunity to argue and oppose" because defendant raised the timeliness issue for the first time in its Reply. (*Id.*) Plaintiff's argument is somewhat misplaced. Plaintiff, not defendant, contends that the filing of ECS's contract claims provided defendant notice of his personal tort claims. By virtue of this argument, plaintiff created the timeliness issue as his Amended Complaint clearly states that a final agency decision as to ECS's claims occurred in 1999 and 2000, more than six months before plaintiff filed the instant action.

5

Nevertheless, because the court finds that filing of the ECS's claims was not notice of plaintiff's FTCA claims, plaintiff's request to respond to defendant's timeliness issue is due to be denied as moot.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that there are no material facts in dispute and defendant is entitled to judgment as a matter of law. An order granting defendant's Motion to Dismiss or, in the alternative, Motion for Summary Judgment, (doc. 10), and denying as moot plaintiff's Motion Requesting Permission to File Supplement to Plaintiff's Opposition to Defendant's Motions for Dismissal or, Alternatively, Summary Judgment, (doc. 17), will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 31st day of August, 2004.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge